## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| DANIELS, RAHUL-EBENEZER, | ) | |
| Plaintiff, | ) | |
| v. | ) | Case No. 17-cv-06775 |
| | ) | |
| GRADY, JOSEPH MARTIN, *et al*, | ) | Judge: Manish S. Shah |
| | ) | Magistrate Judge Mary M. Rowland |
| Defendants. | ) | |

### DEFENDANT LISA M. NYULI'S MEMORANDUM OF LAW IN SUPPORT OF HER MOTION TO DISMISS

NOW COMES Defendant, LISA M. NYULI, ("Nyuli") by her attorney, DANIEL F. KONICEK of KONICEK & DILLON, P.C., and for her Memorandum of Law in Support of her Motion to Dismiss, Nyuli states as follows:

### INTRODUCTION

Plaintiff has filed this Complaint, or "Notice of Misconduct, Felony, Fraud, and Perjury," for alleged acts taken in his underlying divorce case, captioned, *In Re Marriage of Tanuja Daniels v. Rahul Ebenezer Daniels*, Kane County Case No. 15 D 565. (See Plaintiff's Complaint, ¶1; See also Complaint Exhibits 1, 2 and 3). Plaintiff claims that he was denied justice in his underlying divorce case and has filed this action against two State Court Judges, the Kane County Sheriff, the court-appointed Guardian Ad Litem (Nyuli), and his ex-wife's attorney, seeking damages in an amount in excess of $100 million. (See Complaint, "SF-95 Form Item," and ¶120).

As set forth below, the Seventh Circuit (as well as the Illinois State Appellate Courts) have already determined that a court-appointed guardian ad litem is absolutely immune from civil liability in connection with services rendered relating to that representation. Additionally, Plaintiff is attempting to seek redress in federal court for an alleged injury caused by a state-court judgment, and such an action is prohibited by the *Rooker-Feldmen* doctrine. Last, and for purposes of

Page **1** of **7**

preserving the argument under Rule 12(b), Plaintiff has failed to allege that Nyuli engaged in any "Misconduct, Felony, Fraud, and Perjury," has failed to plead his fraud allegation with the particularity required by Rule 9(b) of the Federal Rules of Civil Procedure and has made wholly inaccurate statements of law.[1] For all of these reasons, Plaintiff's Complaint should be dismissed with prejudice.

<u>ARGUMENT</u>

**I. NYULI IS ENTITLED TO ABSOLUTE IMMUNITY AS A SECTION 506(a)(2) GUARDIAN AD LITEM**

Plaintiff's Complaint must be dismissed with prejudice because Nyuli is absolutely immune from civil liability in connection with her role as a guardian ad litem in the underlying divorce proceeding.

By way of background, under Illinois law, for proceedings involving a minor, the court may appoint a lawyer to (1) be the child's attorney (and represent the child as an attorney would represent an adult); (2) to be the child's guardian ad litem; or (3) to be the child's representative. 750 ILCS 5/506(a)(1-3). "The guardian ad litem shall testify or submit a written report to the court regarding his or her recommendations in accordance with the best interest of the child. The report shall be made available to all parties. The guardian ad litem may be called as a witness for purposes of cross-examination regarding the guardian ad litem's report or recommendations. The guardian ad litem shall investigate the facts of the case and interview the child and the parties." 750 ILCS 5/506(a)(2).

---

[1] For example, Plaintiff has erroneously claimed that Nyuli is a "citizen of the State of Washington D.C. per the 14th Amendment or is a citizen of the U.N. per the International Organization Immunities Act of 1945." Neither the 14th Amendment to the United States Constitution nor the International Organization Immunities Act of 1945 confer citizenship. Nyuli is not a resident nor a citizen of Washington D.C., and the International Organizations Immunities Act of 1945 does not avoid the requirements of diversity jurisdiction.

The Seventh Circuit has already held that Section 506(a)(2) guardians ad litem are entitled to absolute immunity. See *Scheib v. Grant,* 22 F.3d 149, 157 (7ᵗʰ Cir. 1994) ("Those courts reasoned that, absent absolute immunity, the specter of litigation would hang over a GAL's head, thereby inhibiting a GAL in performing duties essential to the welfare of the child whom the GAL represents. We believe that the Illinois Supreme Court would find this reasoning persuasive and **grant a court-appointed GAL absolute immunity** from lawsuits arising out of statements or conduct intimately associated with the GAL's judicial duties.") The Seventh Circuit reiterated this absolute immunity in extending it to Section 506(a)(3) child representatives, stating, "Guardians ad litem and court-appointed experts, including psychiatrists, are **absolutely immune** from liability for damages when they act at the court's direction. They are arms of the court, much like special masters, and **deserve protection from harassment by disappointed litigants**, just as judges do. Experts asked by the court to advise on what disposition will serve the best interests of a child in a custody proceeding **need absolute immunity in order to be able to fulfill their obligations 'without the worry of intimidation and harassment from dissatisfied parents.'**" *Cooney v. Rossiter*, 583 F.3d 967, 969 (7th Cir. 2009) (citations and quotation omitted) (emphasis added).

The Seventh Circuit reaffirmed the application of this absolute immunity in *Golden v. Helen Sigman & Associates, Ltd.*, where it affirmed the dismissal of a disgruntled father's *pro se* claims against a court-appointed child's representative and further upheld the decision to assess Rule 11 sanctions against him, stating, "With regard to Golden's state-law claims against Sigman [the child's representative], the district court decided to impose sanctions because *Scheib v. Grant*, 22 F.3d 149, 157 (7th Cir.1994), clearly granted Sigman absolute immunity under Illinois law. Golden argues that his failure to abide by *Scheib* should not be held against him as he did not

uncover the case during the course of his reasonable pre-filing inquiry. Not surprisingly, the district court rejected the idea that poor legal research could amount to an excuse, pointing out that a simple natural language search of 'absolute immunity' and 'guardian ad litem' in Westlaw would immediately have uncovered the case. While Golden might not be expected to have access to the judiciary's research tools, this does not excuse bringing a federal lawsuit in reliance on research tools unable to locate controlling precedent. The district court was on firm ground when it concluded that a reasonable search would have uncovered the *Scheib* decision, which had been out for eleven years at the time Golden filed his suit." *Golden v. Helen Sigman & Associates, Ltd.*, 611 F.3d 356, 364 (7th Cir. 2010).

The Illinois Appellate Courts have likewise acknowledged that absolutely immunity applies to a guardian ad litem. See *Vlastelica v. Brend*, 2011 IL App. (1st) 102587 at ¶25-26 ("Child custody battles can be emotionally charged, and child representatives in contentious cases **may be subject to harassment and intimidation if they are not immune from suit**…We also agree with *Cooney's* holding that to best aid the court in its determination of the child's best interests, the child representative **must be accorded absolute immunity so as to allow him to fulfill his obligations without worry of harassment and intimidation from dissatisfied parents**.") (quotations and citations omitted); *Shen v. Shen,* 2015 IL App (1st) 130733 at ¶118 ("A child representative is 'a hybrid of a child's attorney and a child's guardian ad litem who acts as an arm of the court in assisting in a neutral determination of the child's best interests' and to aid the court 'must be accorded absolute immunity so as to allow him to fulfill his obligations without worry of harassment and intimidation.'") (citations omitted); *Davidson v. Gurewitz*, 2015 IL App (2d) 150171 at ¶¶ 13, 16 ("Consistent with *Brend*, we hold that the common law affords defendant absolute immunity from suit related to his court-appointed duties as child

representative…Defendant's absolute immunity from liability related to his service as the child representative is an affirmative matter defeating the claim.")

In this case, Plaintiff's allegations against Nyuli are found in Paragraphs 74, 75, 78, 86, and 87. Plaintiff alleges that Nyuli, acting in her capacity as guardian ad litem, "worked with" Plaintiff's ex-wife and her attorney, Defendant John Steffen, that Nyuli had an "interview" with Plaintiff's ex-wife and with Plaintiff's children, that Nyuli "ganged up" on Plaintiff, and that Nyuli "failed to consider" the role Plaintiff's parents allegedly played in taking care of Plaintiff's children. (See Complaint, ¶¶74-75, 78, 86-87). As all of the alleged conduct is alleged to have occurred during Nyuli's role as a court appointed guardian ad litem, Nyuli is entitled to absolute immunity and Plaintiff's Complaint must be dismissed with prejudice.

## II.     PLAINTIFF'S CLAIMS ARE BARRED BY THE *ROOKER-FELDMAN* DOCTRINE

Additionally, Plaintiff's claims should be dismissed with prejudice because they arise from an alleged injury resulting from a state-court judgement (i.e., Plaintiff's underlying divorce). See *Exxon Mobil Corp. v. Saudi Basic Industries Corp.,* 544 U.S. 280, 284 (2005) ("The *Rooker-Feldman* doctrine, we hold today, is confined to cases of the kind from which the doctrine acquired its name: **cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced in inviting district court review and rejection of those judgments**.") (emphasis added).

In applying the *Rooker-Feldman* doctrine to claims brought against a child's representative, the Seventh Circuit stated, "As Golden's allegations [against the child's representative] **cannot be separated from the state court's judgment**, *Rooker–Feldman* acts as a jurisdictional bar. We add for the sake of completeness that even if some aspect of these orders

escapes *Rooker–Feldman*, after *Lance*, we would reject Golden's claims on the merits. The federal court would be obliged to give full faith and credit to the state-court judgment, see 28 U.S.C. § 1738, and **we see no reason why Golden should be entitled to reopen matters that the state court actually resolved or could have resolved**." *Golden v. Helen Sigman & Associates, Ltd.*, 611 F.3d 356, 362 (7th Cir. 2010) (emphasis added).

In this case, Plaintiff claims that he sustained damages as a result of the state court rendering judgment in his divorce proceeding. He cannot seek redress in this Court and further request this Court to review, re-open, or otherwise alter those state-court judgments.[2] Plaintiff's Complaint must be dismissed with prejudice.

### III.   PLAINTIFF HAS FAILED TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED – NO ALLEGATIONS AGAINST NYULI, NO PARTICULARITY FOR FRAUD

Last, Plaintiff's Complaint should be dismissed for failure to state a claim because Plaintiff has not actually alleged that Nyuli engaged in any "Misconduct, Felony, Fraud, and Perjury." Throughout Plaintiff's Complaint, Nyuli is only mentioned in Paragraphs 74, 75, 78, 86, and 87 – none of which claim she engaged in any misconduct, felonies, fraud, or perjury. Instead, Plaintiff merely alleges that Nyuli: "worked with" Plaintiff's ex-wife and her attorney, had an "interview" with Plaintiff's ex-wife and with Plaintiff's children, "ganged up" on Plaintiff, and "failed to consider" the role Plaintiff's parents allegedly played in taking care of Plaintiff's children. (See Complaint, ¶¶74-75, 78, 86-87). None of these allegations state a claim for which relief can be granted. Indeed, none of these allegations amount to any actionable conduct.

---

[2] It appears Plaintiff also sought redress via the Office of the General Counsel of the USAO, the Illinois Attorney General, the Kane County State's Attorney's Office, the Index Department of the Illinois Secretary of State, the local Chief of Police, the Illinois State Police, the president of the Village of South Elgin. (See Complaint, ¶¶ 49-54).

Additionally, and for this same reason, Plaintiff has certainly failed to meet the heightened pleading standard of Federal Rule 9(b), which requires a plaintiff to plead "all averments of fraud…with particularity." *Goren v. New Vision Intern, Inc.*, 156 F.3d 721 (7th Cir. 1998). The purpose of Rule 9(b) is threefold: to protect a defendant's reputation from harm, to minimize "strike suits" and "fishing expeditions," and to provide notice of the claim to the adverse party. *Vicom, Inc. v. Harbridge Merchant Services, Inc.*, 20 F.3d 771 (7th Cir. 1994). There is no mention of any fraud on the part of Nyuli other than the fact that she is named as a Defendant and that the title of Plaintiff's pleading contains the word "fraud."

**WHEREFORE**, for all of the foregoing reasons, Defendant LISA M. NYULI respectfully requests this Court dismiss Plaintiff's Complaint with prejudice and award her all such other and further relief this Court deems just and reasonable under the circumstances.

Daniel F. Konicek (#6205408)
Amanda J. Hamilton (#6306098)
KONICEK & DILLON, P.C.
21 W. State St.
Geneva, IL 60134
Phone: 630.262.9655
dan@konicekdillonlaw.com
amanda@konicekdillonlaw.com

Respectfully submitted,


/s/ Daniel F. Konicek
Attorneys for Lisa M. Nyuli