IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| RAHUL-EBENEZER DANIELS | ) | |
| | ) | |
| Plaintiff, | ) | No. 17-cv-06775 |
| | ) | |
| v. | ) | |
| | ) | Judge Manish S. Shah |
| JOSEPH MARTIN GRADY, et.al. | ) | |
| | ) | Magistrate Judge Mary M. Rowland |
| Defendants. | ) | |

LEGAL MEMORANDUM
IN SUPPORT OF THE MOTION TO DISMISS

NOW COMES the Defendant, Kane County Sheriff Donald E. Kramer, by and through his attorney, Kane County State's Attorney Joseph H. McMahon, through his assistant Kathleen K. Watson, and in support of his Motion to Dismiss states as follows:

ALLEGATIONS AGAINST THE KANE COUNTY SHERIFF

Plaintiff's Complaint is filed in response to his dissatisfaction with the manner in which his divorce proceedings were conducted. Plaintiff's wife filed the case *In Re Marriage of Tanuja Daniels v. Rahul Ebenezer Daniels*, No. 15 D 565, in the 16th Judicial Circuit Court of Illinois, Kane County. (Doc. 4-4, ¶1). Plaintiff's Complaint contains the following allegations against Kane County Sheriff Donald E. Kramer (hereinafter "SHERIFF KRAMER"). Plaintiff alleges that an order was entered by the Circuit Court, evicting both him and his parents from the marital home. Plaintiff filed a Motion to Reconsider the eviction order. (Doc. No. 4-4, ¶89). After the Judge denied Plaintiff's Motion to Reconsider, Plaintiff filed a Second Motion to "halt all

2

orders and proceedings pending an administrative determination citing fraud upon the honorable offices of the Court and upon himself." (Doc. No. 4-4, ¶94). Plaintiff provided a copy of this Motion to SHERIFF KRAMER'S Office, to postpone the eviction proceedings. SHERIFF KRAMER'S office would not accept this Second Motion, as they accept only one Motion challenging an eviction order. (Doc. No. 4-4, ¶94, 95). When Plaintiff's second Motion was refused by SHERIFF KRAMER'S Office, Plaintiff submitted a letter to SHERIFF KRAMER informing him of the fraud, official misconduct and Supreme Court 137 violations he alleges were committed during Plaintiff's marriage dissolution proceedings. (Doc. No. 4-4, ¶ 96, 97). Despite Plaintiff sending this letter to SHERIFF KRAMER, SHERIFF KRAMER sent an officer to Plaintiff's marital residence, to verify that Plaintiff and his parents had vacated the premises. Plaintiff alleges that if they had not already left, they would have been forcibly removed (Doc. No. 4-4, ¶96, 97). Plaintiff further alleges that he sustained a constitutional violation in that SHERIFF KRAMER did not perform his duty to investigate Plaintiff's report that felony crimes had been committed and did not provide a documented report of the investigation. (Doc. No. 4-4, ¶102,103,104).

## STANDARD FOR DISMISSAL

When ruling on a motion to dismiss pursuant to FED. R. CIV. P. 12(b)(6), a court must "accept as true all of the allegations contained in a complaint" and make reasonable inferences in favor of the non-moving party. *Ashcroft v. Iqbal,* 556 U.S. 662, 678, 1949 (2009) ("noting that this tenet is "inapplicable to legal conclusions"). To defeat a Rule 12(b)(6) motion to dismiss, a "complaint must contain sufficient

3

factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id.* (citing *Bell Atlantic v. Twombly*, 550 U.S. 544, 570, (2007)). The United States Supreme Court has stated that the "plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 129 S.Ct. at 1049 (quoting *Twombly*, 550 U.S. at 556).

## *ROOKER-FELDMAN* DOCTRINE

Plaintiff's allegations against SHERIFF KRAMER are based in part on SHERIFF KRAMER performing a court-ordered eviction of Plaintiff and his parents. Plaintiff alleges that SHERIFF KRAMER sent one of his officers to verify that Plaintiff had vacated the premises. He further alleges that if they hadn't vacated the premises they would have been forcibly evicted. The allegations regarding something that might have happened, if Plaintiff had not vacated the premises, are too speculative to form the basis of an action against SHERIFF KRAMER. To the extent that Plaintiff seeks to have the eviction order of the Circuit Court of Kane County reviewed by the Federal Courts, he is in violation of the *Rooker-Feldman* doctrine. The *Rooker-Fledman* doctrine prevents a litigant in state court from seeking a federal review of those proceedings. It bars a federal cause of action based on "claims that were actually raised in state court, but also to claims that are 'inextricably intertwined" with state court determinations. *Manley v. City of Chicago,* 236 F.3d 392, 396 (7th Cir. 2001). This is not allowed because 'the district court is in essence being called upon to review the state-court decision." *Manley,* 236 F.3d at 396. Plaintiff's allegations that SHERIFF KRAMER, or his officers, performed a court

ordered eviction do not give rise to a constitutional violation. Plaintiff has not alleged that SHERIFF KRAMER actually oversaw Plaintiff being evicted. However, he does allege that Plaintiff sent an officer to verify the premises had been vacated. Plaintiff admits this was done pursuant to an order of the Circuit Court of Kane County. Plaintiff's claims against SHERIFF KRAMER for actions taken pursuant to the eviction order violate the *Rooker-Feldman* doctrine and should be dismissed with prejudice.

## ILLINOIS CIVIL PROCEDURE ALLOWS ONLY ONE MOTION TO RECONSIDER A COURT ORDER

Plaintiff did not suffer a constitutional violation when SHERIFF KRAMER'S office refused to accept his second Motion. The Illinois Code of Civil Procedure states:

> In all cases tried without a jury, any party may, within 30 days after the entry of the judgment or within any further time the court may allow within the 30 days or any extensions thereof, file a motion for a rehearing, or a retrial, or modification of the judgment or to vacate the judgment or for other relief.

735 ILCS 5/2-1203 (West 2017). Illinois Courts have interpreted this statute to allow only one Motion to Reconsider. "

> We find that the authority cited above supports the conclusion that a party is entitled to only one post-trial motion attacking the final judgment in a nonjury case and that once the motion has been denied, the party has no other recourse but to accept the trial court's judgment or file a notice of appeal within 30 days of the denial.

*Benet Realty Corp., Inc. v. Lisle Sav. and Loan Ass'n,* 175 Ill.App.3d 227 (2nd Dist., 1988). SHERIFF KRAMER's policy of accepting only one Motion to Reconsider, when litigants are attempting to delay an eviction, is based on long-standing Illinois law. Plaintiff did not suffer a constitutional violation when his second Motion was refused

5

by SHERIFF KRAMER's Office.

## PLAINTIFF HAS NO CONSTITUTIONAL RIGHT
## TO A POLICE INVESTIGATION

Plaintiff's allegations that his constitutional rights were violated when SHERIFF KRAMER did not investigate his complaint or provide an investigative report should also be dismissed. Plaintiff does not have a constitutional right to any sort of police investigation or charges.

> We note at the outset that [plaintiff] does not have a constitutional right to have the police investigate his case at all, still less to do so to his level of satisfaction. See, e.g., *DeShaney v. Winnebago County Department of Social Services,* 489 U.S. 189, 196, 109 S.Ct. 998, 103 L.Ed.2d 249 (1989) (holding that the Constitution "generally confer[s] no affirmative right to governmental aid, even where such aid may be necessary secure life, liberty, or property interests of which the government itself may not deprive the individual."). While *DeShaney* does not address police behavior specifically, the implication is clear: mere inactivity by police does not give rise to a constitutional claim.

*Rossi v City of Chicago* 790 F.3d. 729 at 735 (7th Cir., 2015). Plaintiff's does not have a cause of action against SHERIFF KRAMER for a violation of his constitutional rights, based on allegations that SHERIFF KRAMER failed to perform an investigation and provide a report. Plaintiff's claims against SHERIFF KRAMER, based on the failure to investigate a reported crime, should be dismissed with prejudice.

## CONCLUSION

Plaintiff has failed to state a cause of action against SHERIFF KRAMER. A plaintiff can "plead himself out of court by alleging facts which show that he has no claim." *Soo Line R. Co. v. St. Louis Southwestern Ry. Co.* 125 F.3d 481 at 483 citing

6

*Jackson v. Marion County,* 66 F.3d 151, 153 (7th Cir.1995).

Wherefore, Defendant, Kane County Sheriff Donald E. Kramer, respectfully requests that this Court dismiss the claims against him with prejudice and for any other relief that this Court deems just.

Respectfully submitted,
Kane County Sheriff Donald Kramer

By: /s/ Kathleen K. Watson
Assistant State's Attorney

JOSEPH H. MCMAHON
KANE COUNTY STATE'S ATTORNEY
Kathleen K. Watson
Assistant State's Attorney
100 S. Third Street, 4th Floor
Geneva, Illinois 60134
(630) 208-5320
watsonkathleen@co.kane.il.us
Atty. Reg. No. 6192972

7