IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| DANIELS, RAHUL-EBENEZER | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No.  17-cv-06775 |
| v. | ) | |
| | ) | Hon. Manish Shah |
| GRADY, JOSEPH MARTIN, et al. | ) | Magistrate Judge Mary Rowland |
| | ) | |
| Defendants. | ) | |

## DEFENDANT, FREDERICK JOHN STEFFEN, JR'S, 12(b)(1) and 12(b)(6) MOTION TO DISMISS PLAINTIFF'S COMPLAINT

NOW COMES defendant, FREDERICK JOHN STEFFEN, JR., also sued as F. JOHN STEFFEN (hereinafter "Steffen"), by his attorneys, Matthew J. Egan, Brendan J. Nelligan and Kayla Condeni of Pretzel & Stouffer, Chartered, and in support of his Motion to Dismiss Plaintiff's Complaint pursuant to Rule 12(b)(1) and 12(b)(6) states as follows:

## INTRODUCTION

Plaintiff appears to seek damages between $46 and $100 million, along with various forms of injunctive relief against attorney Steffen, among others, in connection with conduct and actions taken by Mr. Steffen in the course of representing Plaintiff's wife, Tanuja Daniels, in the couple's divorce proceedings in Kane County, Illinois.  Plaintiff's complaint must be dismissed in its entirety based not only upon the *Younger* abstention doctrine, but also the absolute litigation privilege afforded to attorneys like Steffen for their conduct in representing a party-opponent, and for failure to state a claim under Rule 12(b)(6). All of the allegations directed against Steffen arise from his representation of the Plaintiff's wife in their underlying divorce proceeding—litigation that is currently ongoing. These facts are fatal to Plaintiff's claims as any alleged misconduct arising from Steffen's representation of Plaintiff's wife is subject to an

1

absolute litigation privilege—which is in the nature of an immunity. Additionally, since the litigation is ongoing, the federal court must abstain from intervening or enjoining the underlying state action under the doctrine of *Younger* abstention. As such, the Complaint must be dismissed with prejudice.

### **PERTINENT FACTS**[1]

This matter arises directly from the ongoing divorce proceeding, No. 2015 D 00565, filed by Plaintiff's wife, Tanuja Daniels, on May 6, 2015 in the Sixteenth Judicial Circuit, Kane County, Illinois. (Doc. 4-4, ¶1).[2] Defendant Steffen is Tanuja Daniels' attorney in the underlying divorce proceeding. (*Id.*, ¶4). It appears that Plaintiff is bringing claims against Steffen both in his capacity as Ms. Daniels attorney and as a notary public. (Doc. 4-5, p. 10, ¶2.) He has named defendant Steffen both as "Frederick John Steffen, Jr." and "F. John Steffen." (*Id.*) Defendant Kathryn Karayannis is an associate judge in Kane County and Joseph Grady is a circuit court judge in the Kane County, Family Division. (Doc. 4, Sec. I, B). Judge Grady is currently presiding over the divorce proceeding. (*Id.*, see also Kane County Docket, Case No. 2015 D 00565, Doc. 5-1, 5-2, 5-3, passim.). Defendant Lisa Nyuli is the guardian ad litem appointed in the underlying divorce proceeding as part of the custody dispute between Plaintiff and Tanuja Daniels. (Doc. 4-4, ¶¶74-78). Plaintiff alleges that defendant Donald Kramer is the Sheriff, but it is unclear what conduct by this defendant is at issue.

Plaintiff alleges that defendants engaged in various types of professional misconduct, criminal activity, statutory violations, and constitutional violations during the divorce

---

[1] The allegations of Plaintiff's Complaint are accepted as true solely for the purpose of this Motion to Dismiss. Defendant Steffen vehemently rejects and denies any assertion that he engaged in any misconduct whatsoever.

[2] Plaintiff's Complaint incorporates by reference several other documents, including Doc. 4-2, which is an administrative claim for damages, Doc. 4-4, which is titled "Affidavit of Daniels, Rahul-Ebenezer," and Doc. 4-5 entitled, "Administrative Claim."

proceeding. (Doc. 4-5, p. 10). Specifically, Plaintiff claims that he began noticing "inconsistencies" in the court filings in late 2015. The first discovery being a lack of attorney certification on his wife's dissolution of marriage petition. (Doc. 4-4, ¶8). Plaintiff claims this lack of attorney certification was overlooked by Judge Karayannis and Steffen. (Doc. 4-4, ¶9). The next discovery was that there was no affidavit of service in the summons which was again overlooked by Judge Karayannis and Steffen. (Doc. 4-4, ¶10).

Plaintiff further alleged that in late 2015 or early 2016, he noticed inconsistencies in Steffen's signatures in the following court fillings: Petition for Mediation and to Appoint Mediator filed on July 22, 2015; Motion to Appoint Guardian Ad Litem filed on November 10, 2015; and Notice of Motion filed on November 10, 2015. (Doc. 4-4, ¶14). Upon noticing these issues, Plaintiff filed a counterclaim on March 22, 2016 and "raised the issue of identity obfuscation by attorney-notary F. John Steffen." (Doc. 4-4, ¶20). On April 21, 2016, Plaintiff pointed out the "lack of signature-consistency" by Steffen to Judge Grady. (Doc. 4-4, ¶21). Judge Grady accepted Steffen's acknowledgment in open court that the signatures were his. (Doc. 4-4, ¶¶22-23). A court order was entered stating that "petitioner's objection to the legibility of the signatures of petitioner's counsel on his pleading is noted but denied." (Doc. 4-4, ¶24). Plaintiff filed a motion contesting this court order on May 16, 2016. (Doc. 4-4, ¶25). Thereafter he hired an independent expert forensic document examiner to review the filings. This expert apparently concluded with "near certainty" that the signatures "were not the attorneys." (Doc. 4-4, ¶¶26-27).

Plaintiff further alleges that on June 25, 2016 a "fraudulent subpoena" was issued to his mother by Steffen. (Doc. 4-4, ¶29). In response, he filed a Motion to Quash the subpoena and on June 29, 2016, Plaintiff informed Judge Grady of the conclusions of his experts and the purported fraud. (Doc. 4-4, ¶31.) He then accused Steffen of committing perjury and violating

3

"the notarial Oath of Office." (Doc. 4-4, ¶32). That same day a court order was entered denying petitioners various motions on these issues, including the motions to quash, strike, and/or dismiss. (Doc. 4-4, ¶34).

On July 5, 2016, Plaintiff filed a motion to hold Steffen in contempt for the allegedly fraudulent subpoena. Without further explanation by Plaintiff, the apparent basis of the fraud is that the subpoena stated "If you fail to appear you will be held in contempt of court." (Doc. 4-4, ¶35). Plaintiff again raised these issues in open court on July 20, 2016, claiming that Steffen had violated the Illinois Notary Public Act based on a 2011 Marital Settlement Agreement. (Doc. 4, ¶36). It appears this settlement agreement was part of a separate case unrelated to the underlying divorce proceeding. In response to Plaintiff's claims, Judge Grady stated that the court did not have jurisdiction over the matter. (Doc. 4-4, ¶37). An order was entered stating that "This order is entered despite Mr. Rahul's insistence that attorney Steffen respond to alleged violations of the notarial act which the court denies." (Doc. 4-4, ¶39). Plaintiff alleged that Judge Grady was colluding with Steffen by acting partially toward him. (Doc 4-4, ¶40).

Thereafter, Plaintiff submitted a FOIA request for access to Steffen's case files, which was granted. (Doc. 4-4 ¶43). Plaintiff alleged that while going through the files he noticed more violations, including another summons without an affidavit of service, and an April 2011 Marital Settlement Agreement which had been denied a Certificate of Authority by the Kane County Clerk. (Doc. 4-4, ¶¶47-48). Plaintiff reported his "findings" to the Illinois Attorney General, State's Attorney's Office, Illinois Secretary of State, and filed a complaint with the Elgin police and the Illinois State police. (Doc. 4-4, ¶¶49-54).

Plaintiff next alleged that on June 15, 2016, an eviction order was entered by Judge Grady evicting him and his parents from the home he shared with his wife and children. (Doc. 4-

4, ¶80). That same day Plaintiff filed a motion to reconsider the eviction order which was denied on June 29, 2016. (Doc. 4-4, ¶¶89, 93). Immediately thereafter, Plaintiff filed a motion to "halt all orders and proceedings pending an administrative determination citing fraud upon the honorable offices of the Court and upon myself." (Doc. 4-4, ¶94). In an effort to forestall the eviction, on July 1, 2016, Plaintiff submitted a letter to the Sherriff informing him of the "felony, fraud, and Supreme Court Rule 137 violations," allegedly committed by Steffen in the underlying divorce proceeding. (Doc. 4-4, ¶96). Nonetheless, the eviction proceeded on July 13, 2016. (Doc. 4-4, ¶98).

While difficult to ascertain, Plaintiff attempts to assert various causes of actions, including violations of the Illinois Rules of Professional Misconduct, Illinois Constitution, United States Constitution, the Illinois Supreme Court Rules and the Federal Rules of Civil Procedure, and various state and federal statutes. (Doc. 4-5, pp. 6-7). As to Steffen in particular, Plaintiff takes issue with the following alleged misconduct in the underlying divorce proceeding: (i) Lack of attorney certification on the dissolution of marriage petition; (ii) no affidavit of service for the summons; (iii) fraud based on "signature inconsistency" amongst various pleadings; (iv) fraud based on a subpoena issued by Steffen to plaintiff's mother; (v) perjury; and (vi) and notarial misconduct. As such, Plaintiff requests an award of the "Amount in Controversy" in excess of $46,423,646 as well as the following relief: "appropriate disciplinary measures" for violating Rule 8.4 of the Rules of Professional Responsibility; to "charge each and every defendant with official misconduct for aiding and abetting"; charge Steffen "for committing felonies and fraud;" restore his children and home to him; and to restore honor to the judicial system and legal profession. (See, e.g., Doc. 4, Sec. IV, ¶1-4; Doc. 4-2, p. 1).

Each and every claim against Steffen must be dismissed under Rule 12(b)(1) because any claim is barred by the absolute litigation privilege and the *Younger* abstention doctrine, and plaintiff failed to state any recognizable cause of action pursuant to Rule 12(b)(6).

**APPLICABLE LAW & ARGUMENT**

**I.** **_Younger_ Abstention Doctrine Applies to Plaintiff's Attempts to Collaterally Attack Orders Entered in The Ongoing Divorce Proceeding.**

Co-Defendants Nyuli, Karayannis, Grady, and Kramer have each argued that the *Rooker-Feldman* doctrine applies to bar Plaintiff's claims. Doc. 23, Doc. 38, Doc. 41. This Defendant Steffen joins and adopts those arguments herein. In addition, to the extent that *Rooker-Feldman* does not apply, Plaintiff's complaint must be dismissed for the additional reason that the doctrine of *Younger* abstention applies to those aspects of Plaintiff's claims which seek to attack orders previously entered in the Illinois divorce proceedings. Under the *Younger* abstention doctrine, absent extraordinary circumstances, a federal court should not interfere with pending state judicial proceedings. *Younger v. Harris*, 401 U.S. 37 (1971). This principle applies not only to state criminal proceedings, but also civil proceedings when important state interests are involved. *Brunken v. Lane*, 807 F.2d 1325, *1330 (7th Cir. 1986). Moreover, the doctrine is particularly applicable in the domestic-relations context, which precludes federal jurisdiction when a plaintiff seeks one or more of the distinctive forms of relief associated with the domestic-relations jurisdiction, such as the granting of a divorce or an award of child custody. *Dawaji v. Askar*, 618 F. App'x 858, 860 (7th Cir. 2015), citing *Friedlander v. Friedlander*, 149 F. 3d 739, 740 (7th Cir. 1998). Accordingly, this Court should dismiss those portions of Plaintiff's complaint for lack of subject matter jurisdiction pursuant to Fed. R. Civ. Pro. 12(b)(1).

Here, the underlying dissolution of marriage proceeding in case No. 2015 D 00565 remains an active matter in the Sixteenth Judicial Circuit in Kane County, Illinois. (*See* Sixteenth

Judicial Circuit, Kane County Docket, filed at Docs. 5-1, 5-2, and 5-3). Indeed, the underlying divorce matter is currently scheduled for trial setting on January 29, 2018. *Id.* As such, Plaintiff's current action filed in federal district court is improper and this court must abstain from enjoining the ongoing dispute. *Green v. Benden*, 281 F. 3d 661, 666 (7th Cir. 2002). Federal courts must abstain from enjoining an ongoing state court proceeding if that proceeding (1) is judicial in nature, (2) implicates important state interests, and (3) offers an adequate opportunity for review of constitutional claims, and (4) does not present extraordinary circumstances making abstention inappropriate. *Mannix v. Machnik*, 2006 U.S. Dist. LEXIS 21642, *11 (N.D. Ill. March 24, 2006).

Here, the *Younger* abstention doctrine clearly applies. The divorce proceeding is still ongoing in the circuit court in Kane County. Significantly, "Divorce and custody proceedings, judicial in nature, traditionally have been viewed as 'important state interests' meriting abstention." *Mannix*, *Id.* (citing *Moore v. Sims*, 442 U.S. 415, 435 (1979)). This point is exacerbated by Plaintiff's prayer for relief: he is specifically requesting this federal court review and overturn orders in the divorce proceeding and restore his "property (children and home)" to him. In essence, Plaintiff is asking this Court to undo the Kane County circuit court's orders issued in the underlying divorce proceeding. This is entirely improper.

Additionally, any attempt by Plaintiff to plead constitutional violations in no way undermines the applicability of the doctrine because "state courts are just as able to enforce federal constitutional rights as federal courts." *Id.*; *see also Brunken*, 807 F.2d at 1331. Indeed, the *Younger* doctrine seeks to avoid the suggestion that state courts cannot enforce constitutional principles, and instead "expects plaintiffs to raise their issues in their own cases currently pending in the state court." *Steffel v. Thompson*, 415 U.S. 452, 462 (1974). Finally, there are no

"extraordinary" circumstances making abstention inappropriate. Thus, to the extent that Plaintiff is challenging orders previously entered in his divorce proceeding in Kane County, Illinois, this Court must abstain from intervening in that ongoing proceeding and dismiss those aspects of Plaintiff's complaint for lack of subject matter jurisdiction.

**II.      Absolute Litigation Privilege Bars All Claims Against Steffen, Which Should Therefore Be Dismissed Pursuant to Rule 12(b)(6).**

Admittedly, *Younger* abstention may not apply to defeat Plaintiff's claim in its entirety because the underlying divorce case cannot afford Plaintiff all the relief he seeks—for example, Plaintiff purports to seek compensatory damages against Steffen for his conduct as counsel for Tanuja Daniels, Plaintiff's wife, in the underlying divorce proceeding. See, *Anderson v. Anderson*, 554 F. App'x 529, 530-31 (7th Cir. 2014). Nevertheless, any alleged misconduct is absolutely privileged and Plaintiff's claims based thereon are barred. "In essence, the absolute litigation privilege affords immunity to attorneys (and other participants in the judicial process) from tort liability arising out of statements made in connection with litigation." *Steffes v. Stepan Co.*, 144 F. 3d 1070, 1074 (7th Cir. 1998), citing *Imbler v. Pachtman*, 424 U.S. 409, 437 (1976)(White, J., concurring). The primary reason for recognizing such a privilege for attorneys is because their unique function in our adversary system as an advocate "requires that they be able to present their client's case at trial without intimidation or harassment." *Auriemma v. Montgomery*, 860 F.2d 273, 278 (7th Cir. 1988).

The absolute litigation privilege applies "not only before, during, and after litigation, but also whenever Illinois policy would be furthered by doing so." *Squires-Cannon v. Forest Preserve Dist.*, 2016 U.S. Dist. LEXIS 17693, *32 (N.D. Ill., Feb. 12, 2016), *citing O'Callaghan v. Satherlie*, 2015 IL App (1st) 142152, ¶27, 36 N.E.3d 999, 1009 (2015). Significantly, the privilege applies to conduct as well as communications. *O'Callaghan, Id.* This privilege is

8

consistent with the rule in Illinois that no civil cause of action exists for misconduct which occurred in prior litigation. *Squires-Cannon*, 2016 U.S. Dist. LEXIS 17693 at 32.

> Instead parties should attempt to redress injuries from misconduct in judicial proceedings in the same litigation. Were it otherwise, litigation would never end. Moreover, it is improper for a trial court to review prior litigation that occurred before a different judge.

*Id.* An absolute privilege in this context is also consistent with the public policy encouraging utmost free access to the courts which would be hindered if attorneys were subject to tort claims based upon their conduct in court, since a litigant's free access to the courts would be of little value if she was denied counsel of her choice by a rule where attorneys "were fearful of being held liable as insurers of the merits their client's case and therefore unwilling to undertake representation in close or difficult matters." *Lyddon v. Shaw*, 56 Ill.App.3d 815, 822, 372 N.E.2d 685, 690 (2nd Dist. 1978).

Here, Plaintiff's allegations deal squarely with Steffen's conduct during the underlying divorce proceedings: a lack of attorney certification on the original petition, lack of an affidavit of service, purportedly fraudulent signatures on court filings, and a purportedly fraudulent subpoena issued to Plaintiff's mother. All of the alleged misconduct, which stems from Plaintiff's hypertechnical interpretation regarding Steffen's mere acts of signing pleadings and process, was committed as part of routine motion and discovery practice and was part and parcel of Steffen's legal representation of Tanuja Daniels in her divorce from Plaintiff. Accordingly, any such conduct is subject to the absolute litigation privilege and cannot form the basis of any claim against Steffen. *See, e.g. O'Callaghan* at ¶29, 36 N.E.3d at 1009-10 (privilege applied to claims that attorneys engaged in discovery violations, concealed evidence, contrived bad-faith defenses, and obtained wrongful court orders against plaintiffs in the underlying action).

Moreover, "[w]here misconduct has occurred in a given proceeding, an injured party may generally seek recourse in that particular proceeding." *O'Callaghan* at ¶31, 36 N.E.3d at 1010; see also, *Auriemma*, 860 F. 3d at 278 ("[c]onducting discovery under the rules of civil procedure falls within the unique duties of an advocate…where opposing counsel and the trial court can quickly put the brakes on unethical or unlawful behavior"). The fact that a court chooses not to assess sanctions against a party-opponent or its counsel does not provide an adequate basis for a separate civil action based upon the same conduct. *Johnson v. Johnson & Bell, Ltd.*, 2014 IL App (1st) 122677, ¶19, 7 N.E.3d 52, 56 (2014).

Here, all of the alleged conduct was in fact considered by the circuit court in the underlying divorce proceeding, where Plaintiff unsuccessfully raised these claims of professional misconduct, fraud, and notarial misconduct in that proceeding through various motions to dismiss and or quash the offending process. Plaintiff alleged that on April 21, 2016 he brought to the court's attention the "lack of signature consistency" in Steffen's various pleadings. (Doc. 4-4, ¶21). The court accepted Steffen's acknowledgment in open court that the signatures were his. This was reflected in the day's order stating that "petitioner's objection to the legibility of the signatures of petitioner's counsel on his pleadings is noted but denied." Plaintiff then filed a motion contesting the court's order which was also denied. (Doc. 4-4, ¶25). As to the subpoena issued to his mother, Plaintiff filed a Motion to Quash and informed the court of the purported "fraud." He then accused Steffen of committing perjury and violating "the notarial Oath of Office" in open court and in various pleadings. (Doc. 4-4, ¶¶32, 34). Plaintiff even petitioned the court to hold Steffen in contempt. Clearly, the conduct at issue arose as part of Steffen's representation of Tanuja Daniels and Plaintiff has vehemently challenged that conduct at every turn. To have a federal court step in to re-review the same conduct already examined by the state

court would violate the above-mentioned principles. *See, e.g. Squires-Cannon*, at 33. Accordingly, the absolute litigation privilege applies and Plaintiff's complaint must be dismissed with prejudice as to Steffen.

## III.    Plaintiff Failed to State a Claim Under Rule 12(b)(6).

Finally, Plaintiff's complaint must be dismissed for failure to state a claim under Rule 12(b)(6). A motion to dismiss pursuant to Rule 12(b)(6) tests the legal sufficiency of the complaint  and whether the plaintiff has stated a claim upon which relief may be granted. Fed. R. Civ. P. 12(b)(6). To survive such a motion, the complaint must contain sufficient factual allegations to "raise a right to relief above a speculative level." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1965 (2007). In making that determination, courts "are not bound to accept as true a legal conclusion couched as a factual assertion" and the "formulaic recitation of elements of a cause of action" are not considered well-pleaded facts. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009).  Moreover, to the extent Plaintiff asserts claims for fraud, those claims are subject to the heightened pleading standards of Rule 9(b).  Fed. R. Civ. P. 9(b); *Windy City Metal Fabricators & Supply, Inc. v. CIT Technology Financing Services*, 536 F.3d 663, 668 (7th Cir. 2008).

Here, the lengthy and convoluted complaint and accompanying attachments clearly fail to allege any viable cause of action. The complaint and attachments merely reprint large sections of various statutes, rules, and constitutional amendments without alleging which facts give rise to which cause of action. In Plaintiff's "Administrative Claim," he identifies twelve different "Counts"; however, it is impossible to ascertain which counts apply to which defendants and what cause of action Plaintiff is attempting to allege. (Doc. 4-5, passim.)  For instance, Plaintiff fails to allege any basis for this court to institute criminal charges against Steffen or discipline

11

him for violating the Illinois Rules of Professional Misconduct as requested in his complaint (Doc. 4, Sec. IV). The Illinois Rules of Professional Conduct explicitly state that they "are not designed to be a basis for civil liability" and that "[v]iolation of a Rule should not itself give rise to a cause of action against a lawyer." Ill. R. Prof'l Conduct of 2010, Preamble ¶ 20. In addition, as noted above, there is no independent cause of action for violation of court rules. *Johnson v. Johnson & Bell, Ltd.*, at ¶19, 7 N.E.3d at 56. Similarly, the Illinois Criminal Code creates no civil cause of action for a violation of its provisions. See 720 ILCS 5/1-4 (2010). Nor can the complaint be liberally construed to set forth, for example, a statutory civil rights claim against Steffen. See, e.g., *Anderson*, 554 F. App'x at 531 (affirming dismissal with prejudice of claims against spouse's divorce attorneys in ongoing divorce proceeding, where there was no basis for finding state action). Accordingly, Plaintiff's Complaint must also be dismissed pursuant to Rule 12(b)(6) for failure to state a cause of action.

### CONCLUSION

WHEREFORE, Defendant, FREDERICK JOHN STEFFEN, JR., also sued as F. JOHN STEFFEN, respectfully requests entry of an Order dismissing Plaintiff's Complaint with prejudice.

/s/ Brendan J. Nelligan
Attorney Name, IL Bar No.   6237756
PRETZEL & STOUFFER, CHARTERED
One South Wacker Drive, Suite 2500
Chicago, Illinois  60606
(312) 346-1973 - Phone
(312) 346-8242 - Fax
bnelligan@pretzel-stouffer.com
Attorney for Frederick John Steffen, Jr. also sued as F. John Steffen

**CERTIFICATE OF SERVICE**

The undersigned certifies that Defendant FREDERICK JOHN STEFFEN, JR., also sued as F. JOHN STEFFEN's **MOTION TO DISMISS** was filed electronically this **24th** day of **October, 2017**. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's electronic system.

***Counsel for Defendant, Lisa Nyuli***
Daniel Francis Konicek
Amanda Jo Hamilton
Konicek & Dillon, P.C.
21 West State Street
Geneva, IL 60134
(630)262-9655
Email: dan@konicekdillonlaw.com
Email: amanda@konicekdillonlaw.com

***Counsel for Defendant, Joseph Martin Grady and Kathryn Diamond Karayannis.***
T. Andrew Horvat
Illinois Attorney General's Office
General Law Bureau
100 West Randolph Street
13th Floor
Chicago, IL 60601
312-814-5484
Email: THorvat@atg.state.il.us

***Counsel for Defendant Donald Kramer***
JOSEPH H. MCMAHON
KANE COUNTY STATE'S ATTORNEY
Kathleen K. Watson
Assistant State's Attorney
100 S. Third Street, 4th Floor
Geneva, Illinois 60134
(630) 208-5320
Email: watsonkathleen@co.kane.il.us

In addition, the aforementioned document was also sent via U.S. mail with postage attached to the following:

***Plaintiff***
Rahul-Ebenezer Daniels
1276 Jenna Drive, Unit B
South Elgin, IL 60177-3021

 s/ Brendan  J. Nelligan
Brendan J. Nelligan (IL Bar No. 6237756)
Pretzel & Stouffer, Chartered
One South Wacker Drive - Suite 2500
Chicago, Illinois 60606
Telephone:     (312) 578-7432
Fax:               (312) 346-8242
E-Mail:          bnelligan@pretzel-stouffer.com
***Attorney for***
***Frederick John Steffen, Jr. also***
***sued as F. John Steffen***