

# United States district court



**Northern District of Illinois**
**Everett McKinley Dirksen**
**United States Courthouse**
**219 South Dearborn Street**
**Chicago, IL 60604**

| | |
|---|---|
| **Petitioner:** ) | Case No.: 1:17-cv-06775 |
| Daniels, Rahul-Ebenezer ) | |
| ex rel. the People of Illinois and ) | |
| The United States of America, ) | Judge Manish S. Shah |
| Civilian, Private American National ) | |
| of a protected class of Living being, ) | |
| Private Attorney General, ) | **PETITIONER'S RESPONSE TO** |
| 1276 Jenna Drive, Unit B ) | **DEFENDANTS' FRCP 12(b)(1) AND** |
| South Elgin, IL 60177-3021 ) | **12(b)(6) MOTIONS TO DISMISS** |
| ) | **ALL IMMUNITY** |
| ) | |
| Vs. ) | |
| ) | |
| ) | **JUST CAUSE FOR AN INJUNCTION ON** |
| **Defendants:** ) | **THE STATE COURT** |
| JOSEPH MARTIN GRADY et al. ) | |
| represented by their attorneys ) | |

---

The Petitioner, Daniels, Rahul-Ebenezer, from his Court of Record, states that several revisions of this response were made in an effort to keep it to 20 pages, per the outcome of the court-session on October 27, 2017. However, because of the number and nature of the arguments raised by the four Defendants and to respond properly to them, the Petitioner needed 24 pages, 21 for the main-body and 3 for the Certificate of Service and the final certification. Petitioner requests that the modification be permitted and responds as follows:

1.     JOSEPH MARTIN GRADY et al.'s and their attorneys' notarized Oaths of Office were to support the Constitutions of The United States of America and of Illinois and to faithfully discharge the duties of their positions.

2.     Any law pursuant to these Constitutions is subject to the censure of reason and the precepts of righteousness stated in the Bible (***CONGRESS DECLARES BIBLE "THE WORD OF GOD Public Law 97-280, 96 stat 1211" Oct 4 1982 & Executive Order 6100***

*of Sept 22 1990*), the Preamble of the Illinois Constitution and the 1776 Declaration of Independence acknowledging Almighty God as the source of all blessings, also referred to as "Supreme Judge of the world", "Creator" and "Nature's God".

*REASON. 2. A man deprived of reason is not criminally responsible for his acts, nor can he enter into any contract.3.* **Reason is called the soul of the law; for when the reason ceases, the law itself ceases.** *Co. Litt. 97, 183; 1 Bl. Com. 70; 7 Toull. n. 566.4. In Pennsylvania, the judges are required in giving their opinions, to give the reasons upon which they are founded. A similar law exists in France, which Toullier says is one of profound wisdom, because, he says, judgments are not as formerly silent oracles which require a passive obedience; their irrefragable authority, for or against those who have obtained them, is submitted to the censure of reason, when it is pretended to set them up as rules to be observed in other similar cases..[Bouvier's 1856 edition, Emphasis in bold is the Petitioner's]*

3      Case-opinions, so called "Case-laws" of a higher court, are subject to the censure of reason as to their applicability in a particular case/situation/circumstance:

*OPINION, judgment. A collection of reasons delivered by a judge for giving the judgment he is about to pronounce; the judgment itself is sometimes called an opinion.2. Such an opinion ought to be a perfect syllogism, the major of which should be the law; the minor, the fact to be decided and the consequence, the judgment which declares that to be conformable or contrary to law.* **[Source: Bouvier's 1856 law dictionary]**

4      **Overarching objection to FRCP Rule 12(b)(1): lack of subject matter jurisdiction**
[NOTE: For this and subsequent points, all page numbers of the quotes from the Defendants' motions are based on the page numbering assigned by the CM/ECF system at the top of the pages of those motions.]

"THE DEFENDANT'S CHALLENGE TO THIS COURT'S JURISDICTION OVER THIS CASE IS

DENIED."  Thus wrote F. JOHN STEFFEN in the state court order of September 7, 2016

signed the same day by JOSEPH MARTIN GRADY.  No findings of fact, reasons or

conclusions of law.  And now the Defendants expect me to respond to prove subject

matter jurisdiction?  Furthermore, since this is how JOSEPH MARTIN GRADY et al.

have treated Supreme Court decisional law (COUNT 11 of ADMINISTRATIVE CLAIM),

what purpose would an Appellate court or even the Supreme court serve to raise this

violation of their Oaths of Office *[HORVAT, page 4 of 8, ARGUMENT section, ¶ 2]*? None.

This double-standard not just to the Petitioner but more importantly to People like

the Petitioner who do not have Oaths of Office, is a blatant violation of the Supreme Law

of the Land, forever barred by the XIV-th Amendment, Section 1. The USAO (United

States Attorney's Office), as directed by the DOJ (Department of Justice), authorized me

to prosecute JOSEPH MARTIN GRADY et al. in the "United States district court" removing

any immunity from them and why injunctive relief and supervisory administrative

control is demanded instanter upon the state court:

*"A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority, but, rather, he will be subject to liability only when he has acted in the "clear absence of all jurisdiction" [HORVAT, page 6 of 8, ¶ 1]*

F. JOHN STEFFEN has hitherto not proven jurisdiction in the state court after several

challenges raised since Petitioner realized that the court had shown a "clear absence of

all jurisdiction". Therefore, judge JOSEPH MARTIN GRADY's actions remain a "clear

absence of all jurisdiction"! So much *for "state courts are just as able to enforce federal*

*constitutional rights as federal courts." [EGAN, page 7 of 14, last ¶]* or for the following

well-meaning but wishful opinion regarding absolute litigation privilege and misconduct

to be addressed in the state court itself:

*"This privilege is consistent with the rule in Illinois that no civil cause of action exists for misconduct which occurred in prior litigation... Instead parties should attempt to redress injuries from misconduct in judicial proceedings in the same litigation." [EGAN, pages 8 and 9 of 14].*

Have the defendants not heard of the aphorisms, "Hell is full of good meanings but

heaven is full of good works" and "The road to hell is paved with good intentions"?

The "good behaviour" clause of the Constitution, Article III, section 1, means exactly that

and is defined meticulously in the Rules of Professional Conduct and the Judicial Codes

of Conduct. The defendants, therefore, have very strict standards as to how they must deal with the People and lying, stealing, perjury, theft, felony, willful and wanton misconduct, all done under "color of law", are not options, even under absolute judicial and/or litigation immunity. Where there is willful and wanton misconduct, there is no immunity whatsoever, *745 ILCS 10/2-202 and 745 ILCS 10/1-210.*

5    **Objections to the Rooker-Feldman doctrine about FRCP Rule 12(b)(1): claim is not about the state-judgements, or about reviewing or changing them contrary to the arguments of all Defendants**

Rooker-Feldman deals with a federal court changing a state-court decision (order, or determination). The issue before the federal court is not about *reviewing or changing a state court decision* or about the Petitioner claiming injury at the hands of a state court due to *"the [state] judgment was rendered and affirmed in contravention of the contract clause of the Constitution of the United States ... and the due process of law and equal protection clauses of the Fourteenth Amendment...." [quoting from the Garry v. Geils case cited by HORVAT at the middle of page 5 of 8; this quote, however, was not cited by HORVAT].* Also, it is not about a claim being *"inextricably intertwined"* with a state-court judgement *[HORVAT, page 5 of 8, lines 3 to 9 from top].* **It is about official corruption; if it is not, then are the Defendants saying that JOSEPH MARTIN GRADY et al. are not public officials?** Furthermore, the Sheriff and judges are elected public officials, as is F. JOHN STEFFEN. LISA M. NYULI is an Officer of the court. As stated in the Initial Status Report (ISR), the Petitioner is not attempting to settle the state-court dissolution proceeding in Federal court. Rather, pursuant to the laws of The United States of America, Petitioner is obligated to report to the President of The United States of America or a competent authority or some judge or other person in civil or military authority under pain of a fine or imprisonment, 18 U.S. Code § 4 - Misprision of felony codified in 1909, 18 U.S. Code § 2381 - Treason and 18 U.S. Code § 2382 - Misprision of treason and 18 U.S. Code § 2 regarding aiding and abetting a felony, all of which are independent of the state judgement. Title 18 U.S. Code § 4 does not say "criminal" authority and requires an active concealment of a known felony rather than merely

4

failing to report it. There was active concealment of the crime by JOSEPH MARTIN GRADY et al. Furthermore, by not reporting the crime after becoming aware of it and concealing the perjury, JOSEPH MARTIN GRADY et al. also aided and abetted the felony and willful and wanton misconduct, 18 U.S. Code § 2.

The Dawaji vs. Askar case cited by EGAN on page 6 of 14, close to end of ¶ 2, also states the following, which was not cited by EGAN:

"*But if a federal plaintiff alleges that a fraud produced an adverse state-court decision, then the judicial decision is the source of injury for Rooker-Feldman purposes.*"

However, this Case is not primarily about adverse state-court judicial decisions due to fraud, although those did occur, as already covered in the Petitioner's ADMINISTRTIVE CLAIM; it is about administrative and commercial willful and wanton misconduct.

"*To grant Plaintiff the relief he requests would require this Court to act as a de facto appellate court and overturn the state court judgements.*" [HORVAT, page 5 of 8].

See response in ISR, point 1-(d)-1, "*the ADMINISTRATIVE CLAIM is not an appeal. On the contrary, it is an original action for civil rights violations after all administrative remedies were exhausted in accordance with Title 28 U.S. Code 2675. ...*"

6      **Initial objections to Younger abstention doctrine about FRCP Rule 12(b)(1): extraordinary circumstances**

Younger deals with federal court abstaining from intervention in the state judicial proceedings absent extraordinary circumstances *[EGAN, Younger v. Harris, page 6 of 14, ¶ 2]*. Petitioner asks **since when did breach of public contract (i.e., Oath of public office), property theft, identity theft, lying, stealing, perjury, arbitrary infliction of mental and physical cruelty to young and old alike, lack of due-process and felony become ordinary circumstances in the state court as opposed to "extraordinary"**? The Younger v. Harris Case cited by EGAN also states the following, which was not quoted by EGAN:

"*Since the beginning of this country's history, Congress has, **subject to few exceptions**, manifested a desire to permit state courts to try state cases free from interference by federal courts....*" [Emphasis in bold is the Petitioner's]

The exception in this Case is that all Administrative remedies were exhausted and the matter is administrative, not judicial (civil/criminal)!  The issue, as noted in point 4, is that because JOSEPH MARTIN GRADY et al. were and are continuing to operate without proving jurisdiction, willfully and wantonly disregarding their own rules of judicial and professional conduct and violations of their Oaths of Office in an illegitimate and unlawful proceeding, including ex-parte proceedings, that an Emergency Hearing Request motion was filed into federal court on November 7, 2017.

*"The Younger abstention doctrine...applies not only to state criminal proceedings but also civil proceedings when important state interests are involved." [EGAN, page 6 of 14:].*

Many "important state interests" were not fully disclosed during the state proceedings:

(A)     The State's interest as a third-party although the State has not vested or contributed any financial support to Petitioner's family from birth.

(B)     In spite of (A), upon death the State collects one third of the estate if there is a will via the 1/3rd property-value inheritance tax.

(C)     To dissolve a marriage partnership between two "persons", the State becomes 1/3rd liable in its fiduciary capacity as the ward of any child in that State!

(D)     It is a requirement for all who live in Illinois or come here to live that they must register themselves.  Under P.L. 73-1, 48 stat 1 -- Emergency Banking Relief Act and under 5(b) of P.L. 40, stat 411 - Trading with the Enemy Act and under P. L. 74-271, 49 stat 620 - Social Security Act and 54 stat 670,  ch. 439 -- Alien Registration Act (or The Smith Act), the State requires that all births are to come under the mother's maiden name on the birth certificate and not under the mother's married name in order for the child to be a ward of the State.

(E)     Since the State claims ownership (or trusteeship) over the children then the State becomes liable as a party of interest and can be sued for "breach of trust" under Illinois Tort law.

7       **Remaining objections to Younger abstention doctrine about FRCP Rule 12(b)(1): conflict of interest**

The State agency, *42 U.S. Code § 654 - State plan for child and spousal support*,

represented by judge Grady and now by HORVAT, was required to provide the Petitioner a full disclosure of the implications of establishing child support, namely that JOSEPH MARTIN GRADY et. al. sought to maximize the State's federal funding in willful and wanton violation of Article I, section 7, 45 CFR §303.101 - Expedited Processes, (c)(2), namely "*The due process rights of the parties involved must be protected;*" and knowing full well *42 U.S. Code § 658a - Incentive payments to States*. Judge JOSEPH MARTIN GRADY and judge KATHRYN DIAMOND KARAYANNIS are state-paid public officers and this very fact disqualifies them from serving as judges to write child-support orders: See Canon 3(C)-Disqualification; *(1)...judge's impartiality might reasonably be questioned...(c) the judge knows that the judge...has a financial interest in the subject matter in controversy or in a party to the proceeding,...(3)(c)...however smsall, ..., or other active participant in the affairs of a party...* [Source: Guide to Judiciary Policy Vol 2: Ethics and Judicial Conduct Pt A: Codes of Conduct].

The marriage was clearly a contractual matter to be tried under contract-law (750 ILCS 5/213) and not subject to the IMDMA. If marriage is not a contract, then there is no obligation on the Petitioner's part to pay anything whatsoever. Regardless, the Petitioner is able to provide for the children on his own, without any State supervision.

8   Case-laws are, "commandments of men" which, when misapplied, become irrelevant and unreasonable (point 2) --- [Source: Mark 7: 7, 10-13, The Holy Canon, KJV]

9   Therefore, regardless of how "precedential" the Case-opinions may become, they remain just that, opinions subject to change such as for this federal case, in which the lawsuit was initiated against the defendants in federal court only after the USAO's and DOJ's explicit authorization to do so.

10  After reading the defendants' motions line-by-line, the impression was that the Petitioner's Claim was not read likewise with due diligence as indicated by the defendants asserting "I don't see a claim" or "I don't understand what he is saying". For example:

"*Even assuming, arguendo, that jurisdiction is proper and immunity did not apply, Plaintiff has failed to plead any facts which suggest that plausible causes of action such*

7

*as fraud exist against Judges Grady and Karayannis." [Horvat, page 7 of 8, 5th line from top]*

Did they not read Illinois Rules of Professional Conduct Rule 8.4 on pages 62 and 63 of the ADMINISTRATIVE CLAIM? Did they not read the Illinois Code of Judicial Conduct cited on page 101 of the same document regarding what a judge "shall" do, as part of his administrative responsibility, when he knows of another judge's violation of these codes or an attorney's violation of Rule 8.4?

11    There were no references to the Constitutions and the federal and state laws cited were scarce: *FRCP 12(b)(1): All, FRCP 12(b)(6): All, FRCP(9)(b): EGAN (middle of page 11 of 14) and KONICEK (page 7 of 7), 720 ILCS 5/1-4 (2010): EGAN (page 12 of 14), 750 ILCS 5/506(a)(1-3) and 750 ILCS 5/506(a)(2) (page 2 of 7, ARGUMENT section): KONICEK, 735 ILCS 5/2-1203 (West 2017): WATSON [middle of page 4 of 6].*

12    The case in the state-court was simple to resolve, namely 50/50 in everything, property, custody, etc. Petitioner and his wife have paid attorneys more than they earn an hour which is, in and of itself, a violation of the Supreme Court Rules of Professional Conduct ***Rule 1.5 A lawyer shall not make an agreement for, charge, or collect an unreasonable fee or an unreasonable amount for expenses*** for the "service" of forcibly separating a family. The "state" court system jumped to another lucrative opportunity: Attorney fees, guardian-ad-litem fees, mental health professional fees paid under duress and other related expenses. And to top it off, requiring the parent who earns more to pay child-support through the state-agency without full-disclosure as to the reasons for doing so. The lengthy, drawn-out process was absolutely unnecessary.

13    Most significantly, JOSEPH MARTIN GRADY, et al. did not disclose fully to the Petitioner that they claimed absolute immunity from prosecution or litigation. In other words, absolutely immune from perjury, lying, felony, aiding-and-abetting a felony, theft, lack of due-process, etc., which was evident and proved in the state-court orders with denial after denial without findings of fact, reasons and conclusions of law! Is this how the Defendants are treating the People of Illinois and of The United States of America? Are the Defendants afraid to go on public record to tell the People about this?

14    What if the same standard was applied to one player in a game of chess or any other game without the other party knowing beforehand that the opposing player could make the Queen behave like a King or a Rook behave like a Horse at any time in the game to beat the opponent! Sounds absolutely ludicrous but that is exactly what absolute immunity becomes, when abused! Real justice, however, is no game! Real justice is like chess except that both sides, although adversarial, abide not only by the rules of the game but by the basic rules of moral and professional conduct!

15    Judge Shah's denial to Petitioner's Emergency Hearing Request filed November 7, 2017 was supported with findings of fact and conclusions of law supported by reason, in other words, a well-founded answer, per point 2. This was perfectly good behavior in conformance with Article III, section 1 of the Constitution, earning the Petitioner's respect in spite of the denial.

16    The denial noted that the district court cannot unilaterally discipline the attorneys or judges, which is left to the IARDC and the JIB.

17    Petitioner points out that these and several relevant administrative bodies were notified in accordance with The Federal Tort Claims Act, 28 U.S.C. § 1346(b), 2401(b), 2671-2680 and 28 CFR part 14, pages 12 and 13 of the ADMINISTRATIVE CLAIM, resulting in the final lawful response received from the USAO, as advised by the DOJ, authorizing me to prosecute the defendants within six months of the date of their letter, which was May 23, 2017.

18    In other words, the Petitioner did not wake up one morning disgruntled because of the state-court decisions and entertain the frivolous idea "I should initiate a lawsuit", quite contrary to the allegation *"...Plaintiff is a disgruntled state court litigant seeking impermissible federal review."* [HORVAT, 1st line of new ¶ on page 5 of 8].

19    Judge Shah's denial stands as a refreshing contrast to the denial-after-denial at the state court of lying, stealing, perjury, identity theft, personal property theft, mail-fraud without findings of fact and conclusions of law! Not surprising in hindsight because JOSEPH MARTIN GRADY et al. knew, but did not disclose to the Petitioner, that

(A)     the local state-court is an unconstitutional court masquerading as a state court ab initio.

(B)     The state court is a CORPORATION, a commercial enterprise, cloaked with commercial immunity with its members hiding behind absolute judicial and litigation immunity.

20     As a private corporation, the local "state" court must interact with the People only after full-disclosure is given under contract-law, notwithstanding contracts of adhesion and tacit agreements, which are in violation of the Constitution(s) and clearly a violation of each of the defendants' oaths because lack of full-disclosure causes the People to surrender certain inalienable birthrights.

21     **The law of The United States of America barring Eleventh Amendment immunity --- rebuttal to EGAN's attempt to dismiss a "statutory civil rights claim against Steffen" on page 12 of his 14-page motion. Applicable to other defendants as well.**

The State and its actors (public or private entities) loose XI-th Amendment immunity when they discriminate against the People after becoming recipients of Federal financial assistance, per *42U.S.Code § 2000d–7 -- Civil rights remedies equalization*

(A)     The State Justice Institute (SJI) established in 1984 receives federal funding to "improve the administration of justice in state courts "nationwide", as stated on their website. These funds are funneled to the local State courts for various programs. Petitioner did not receive any part of this funding as a self-represented man with no conflict of interest whatsoever; this was discrimination against the Petitioner.

(B)     ILLINOIS is receiving federal funding for child-support --- see point 7. Petitioner did not receive any of this incentive funding. This was discrimination against the Petitioner.

(C)     State police, county police and the Sheriff's departments are receiving federal funding to pay for a lot of their equipment such as bullet-proof vests , radar, child-restraint seats, etc. This provision was the result of the National Traffic and Motor Vehicle Safety Act (Pub. L. 89–563) and the Highway Safety Act (Pub. L 89-564), both of which were signed into law by President Lyndon B. Johnson on

10

September 9, 1966.  The laws from the Highway Safety Act were codified in 23

U.S. Code § 402 -Highway safety programs.  These are the persons who came to

my home to evict me and my parents.  They came in vehicles and cruisers that

were federally funded per Title 23 CFR Part 1327 - PROCEDURES FOR

PARTICIPATING IN AND RECEIVING INFORMATION FROM THE NATIONAL DRIVER

REGISTER PROBLEM DRIVER POINTER SYSTEM.  Was I funded to purchase bullet-

proof vests, cameras to monitor who was coming to my home or a car?  This

was discrimination against the Petitioner.

22  **Decisional-laws barring Eleventh Amendment immunity --- continuation of point 21**
[Note: In the decisional-law cited below, emphasis in bold is the Petitioner's.]

(A)  Petitioner restates *Ex parte Young, 209 U. S. 123 (1908)*, United States Supreme

Court, from page 18 of the ADMINISTRATIVE CLAIM

(B)  Continuing from the same Case as above:

*Whatever the plaintiffs may or may not be able to establish as to the merits of
their allegations, their claims, as stated in the complaints, given the favorable
reading required by the Federal Rules of Civil Procedure, are not barred by the
Eleventh Amendment. Consequently,* **the District Court erred in dismissing the
complaints for lack of jurisdiction***.*

(C)  *United States Supreme Court MILLBROOK* v. *UNITED STATES, (2013) No. 11-10362
Argued:February 19, 2013  Decided: March 27, 2013* cited in the ISR.

(D)  " *As a Pennsylvania attorney,* **Goggin ought to have known better***.... On three
separate occasions, Goggin caused his legal assistant to notarize verifications
improperly, in violation of Pennsylvania law and in violation of Goggin's own
professional ethical responsibilities...This Court's rules, in an effort to assure
truthfulness, require verification of complaints, answers, and comparable
pleadings. Failing to comply with this requirement is not some mere technicality;
it* **undercuts the integrity of the judicial process.** *" (Bessenyei v. Vermillion, Inc.,
C.A. No. 7572-VCN (Del. Ch. Nov. 16, 2012) (Noble, V.C.)*

The Case was summarily dismissed by the Court of Chancery due to sordid

violations of the Rules of Professional Conduct 8.4 and 3.3 (a).  --- a rebuttal to

EGAN's "...*hypertechnical interpretation*..." argument on page 9 of 14.  Also see

COUNT 8 of the ADMINISTRATIVE CLAIM.  In fact EGAN flippantly acknowledges

on page 9 of 14 (lower 1/4th part) the certifications as *"...Steffen's mere acts of signing pleadings and process, was committed as part of routine motion and discovery practice and was part and parcel of Steffen's legal representation"*.

23          **Objections to Defendants' remaining Case-opinions**

At the outset, this matter is not judicial (civil/criminal) but administrative and commercial although the USAO (judicial branch) authorized me, per DOJ (Executive branch) directives, to bring it into the constitutional judicial venue of the "United States district court". Therefore, defendants' arguments, being judicial, have little to no merit in this administrative matter. Nevertheless, the Petitioner has already responded to a few judicial arguments in points 4 to 7, 13, 21 to 22, and is now responding to the remaining judicial arguments as follows:

Per the ISR: Point 1.d.(1) --- this is not an appeal but an original action, Point 1.d.(5) -- the Petitioner gave the federal court jurisdiction; Point 1.b. -- the basis for federal jurisdiction; also see the "NOTICE OF REMOVAL"; Point 1.e.(3), Relief # 3 in the "Complaint for a Civil Case" form is not the primary relief sought contrary to HORVAT's argument, *"...overturn the state court judgements." [HORVAT, page 5 of 8, 6th line from bottom]*, although it ought to be a natural consequence to reliefs 1, 2, 4 & 5. Furthermore, the amount claimed is for the People, not just the Petitioner.

*"...must give enough details about the subject-matter of the case to present a story that holds together", or "insufficient to satisfy the plausibility standard....", or "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements...." claim. [HORVAT, page 4 of 8, prior to ARGUMENT section]*:

The Petitioner's "Certification and Closing" of the "Complaint for a Civil Case" form was deliberate and purposeful, as required by FRCP Rule 11, not flippant unlike F. JOHN STEFFEN, now represented by EGAN, who, time and again, willfully and wantonly, disregarded FRCP Rule 11 in "state" court aided-and-abetted by judges KATHRYN DIAMOND KARAYANNIS and JOSEPH MARTIN GRADY; see COUNT 1 of the ADMINISTRATIVE CLAIM. The original complaint in the State court titled "PETITION FOR DISSOLUTION OF MARRIAGE" filed May 6, 2015 was a mere 4-page document containing allegations that did not have any merit, as evidenced by the almost one-year lack of

certification of the original complaint by an attorney not authorized to practice law in the STATE OF ILLINOIS! Applying HORVAT's own standard, this petition itself was not only extremely *"threadbare....."* but ought to have been stricken per Rule 11. In fact, the belated certification again violated Rule 11's "prompt" requirement and remains meritless and void to this day.

> *"...no independent cause of action for violation of court rules."* [EGAN, page 12 of 14]. By the same token, Petitioner may violate court rules and not be held accountable. However, this logic is subject to the censure of reason (point 2). Court rules, per the Code of Judicial Conduct of Illinois, are part of the law. Therefore, willful and wanton violation of these rules carries penalties.

> *"Illinois Rules of Professional Conduct explicitly state that "they are not designed to be a basis for civil liability""* [EGAN, page 12 of 14].

Again, even if any document "explicitly" states something, it is subject to the censure of reason (see point 2). Therefore, a violation of these rules results in administrative and commercial liabilities, which could lead to judicial liabilities for willful and wanton misconduct. EGAN did not quote the following additional part of the rules:

*"The fact that a Rule is a just basis for a lawyer's self-assessment, or for sanctioning a lawyer under the administration of a disciplinary authority, does not imply that an antagonist in a collateral proceeding or transaction has standing to seek enforcement of the Rule. Nevertheless, since the Rules do establish standards of conduct by lawyers, a lawyer's violation of a Rule may be evidence of breach of the applicable standard of conduct."*

That standing was given to me by the USAO and the DOJ. Furthermore, if a judge is able to, under his administrative responsibility, discipline and disbar an attorney for a breach of the Rules of Professional conduct, such as Rule 8.4, these rules are not just for "self-assessment" See page 101 of ADMINISTRATIVE CLAIM and point 22(D). On a fundamental note, Bonds are required of all public officials to safeguard the People against a dereliction of official duty (judicial/administrative/fiduciary). These bonds are made out to the "People of the State of ....". Therefore, public officials are answerable to the People, whom the Petitioner is representing in his capacity as a Private Attorney

General in lieu of the Defendants' administrators who, through the USAO and the DOJ, have authorized the Petitioner to prosecute the defendants.

*18 U.S. Code § 4 - Misprision of felony and 720 ILCS 5/8-2.1. Conspiracy against civil rights* show that the Illinois Criminal Code creates not only a criminal cause of action but a civil cause of action for a violation of their provisions, contrary to EGAN's argument citing 720 ILCS 5/1-4 on page 12 of 14. On a related note, nowhere in the Illinois Rules of Criminal Procedure does it show how the courts have criminal jurisdiction!

The fact that the Petitioner was discriminated on the basis of gender (part of COUNT 4 of the ADMINISTRATIVE CLAIM) is a civil rights claim and that accompanied with fraud [FRCP Rule 60 -- Relief from a Judgment or Order, section (b)-(3)(4)(6)] and felony makes it a criminal offense punishable by the laws of The United States of America:

*Acknowledging that a complaint must contain something more than a general recitation of the elements of the claim, however, we nevertheless reaffirmed the minimal pleading standard for simple claims of race or sex discrimination. E.E.O.C. v. CONCENTRA HEALTH, 496 F.3d (7th Cir. 2007) at 781-82*

*KONICEK, page 2 of 7 footnote*: There was no error made in the statements of law. KONICEK is not aware of the 1867 Reconstruction Act where the states had to relinquish their sovereignty to the Federal government; in other words, give up State citizenship. What parts of sections 2 and 3 of Amendment XIV does KONICEK not understand about the fact that they hold public office? Per Title 8 U.S. Code § 1481, they have to surrender their national citizenship. Title 22 - FOREIGN RELATIONS AND INTERCOURSE U.S. Code chapter 11 -- FOREIGN AGENTS AND PROPAGANDA. Subchapter II - REGISTRATION OF FOREIGN PROPAGANDISTS, § 611 - Definitions and § 612 - Registration statement. Need the Petitioner say more?

Petitioner objected to the GAL's appointment in the very first filing in the local state court to no avail! The filing "COUNTER-CLAIM, AFFIRMATIVE DEFENSES AND

MOTION TO RECONSIDER APPOINTMENT OF GUARDIAN AD-LITEM, MOTION TO DISMISS

AND DISCHARGE THE CASE" dated March 22, 2016, filed the day after LISA M. NYULI

filed her "Entry of Appearance", stated:

*"Therefore, any method to establish custody and parenting times for parents who are*
*fully capable and who love their children more than their own selves is a violation of*
*their inherent God-given Natural right and is not a privilege to be granted by any human*
*authority. Hence, this Court lacks subject-matter jurisdiction..."*
--- Page 4, point 39(d) of the motion

LISA M. NYULI had been duly notified of Petitioner's intent to file an administrative

complaint via the filing of May 5, 2016, May 16, 2016 and letter filed June 6, 2016

informing LISA M. NYULI of the Petitioner's non-participation. She was also on notice of

the misconduct, felony and aiding-and-abetting a felony of JOSEPH MARTIN GRADY et al.

via the LAWFUL ADMINISTRATIVE NOTICE/COMPLAINT/CLAIM served on January 19,

2017. Obviously, she aided and abetted the felony committed by F. JOHN STEFFEN.

Further, KONICEK failed to read with due diligence the ADMINITRATIVE CLAIM

completely because the substantive allegations therein regarding LISA M. NYULI on

pages 25 to 32 and page 99 were omitted in his motion; see point 10.

The keywords in WATSON's motion are *"one post-trial motion"* and *"final*

*judgment"* [page 4 of 6, bottom half]. The eviction order was not a final judgment

rather just a temporary one and it was "pre-trial", not post-trial and not based on facts

just allegations!

WATSON appears oblivious of 725 ILCS 5/107-3, which secures or affirms my

right to arrest anyone on just cause and is based on the fundamental Preamble of the

Illinois Constitution, which makes it clear that it is the People who have created

Government for their benefit, not the other way around. However, the state court was

and is not enforcing the Constitution(s). As stated in my "MOTION TO RECONSIDER

ORDER OF 2016 JULY 20", I had fulfilled all requirements of *725 ILCS 5/107-9 Issuance of*

*arrest warrant upon complaint* but the judge did not issue the arrest warrant even with

irrefutable evidence. So much for remedy via ILCS in state court! Neither did the

constitutional office of the Sheriff act when notified of the felony per 18 U.S. Code § 4.

With respect to the *DeShaney v.Winnebago County Department of Social Services*

15

opinion cited by WATSON on page 5 of 6, if the Petitioner does not have the constitutional right for a police investigation, what right did the judge have to use the Sheriff's governmental aid to evict the Petitioner and his parents without due process and after being made aware of a crime per 18 U.S. Code § 4 on July 1, 2016? Finally, who is the real party of interest that WATSON is referring to as the *"Plaintiff"*? The Petitioner is not the "person" she is referring to.

24 **Overarching objection to FRCP Rule 12(b)(6): failure to state a claim upon which relief can be granted**

The double-standard noted in point 4 also becomes evident after reading the Defendants' 12(b)(6) sections in their motions. They have put blinders on their eyes and are saying "I don't see any claim of fraud". Was LISA M. NYULI required to produce a report by judge JOSEPH MARTIN GRADY to document the particularity of her verbal exchange in court in order to allow me to rebut her assertions? See COUNT 3 of the ADMINISTRATIVE CLAIM. Was F. JOHN STEFFEN, operating as attorney and notary, sanctioned for Rule 11 violations? See COUNT 1 of the ADMINISTRATIVE CLAIM. And now the Defendants expect the Petitioner to plead fraud with particularity? This is the double-standard being used by the Defendants against my American brothers and sisters in state court.

25 **Other objection to FRCP Rule 12(b)(6): failure to state a claim upon which relief can be granted, Defendants' attorneys citing failure to plead fraud with particularity, [F.R.C.P. Rule 9(b)], or *"...failed to plead any facts which suggest that plausible causes of action such as fraud exist..."* [HORVAT, page 7 of 8], or *"...must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face"* [WATSON, end of page 2 & beginning of page 3 of 6]**

Rule 8(b)(1)(B) does not permit a 12(b)(6) response because a 12(b)(6) is not a point-by-point denial or admittance of the ADMINISTRATIVE CLAIM; in other words, a 12(b)(6) is "lukewarm", being neither hot nor cold.

*"When ruling on a motion to dismiss pursuant to FED R. CIV. P. 12(b)(6), a court must "accept as true all of the allegations contained in a complaint" and make reasonable inferences in favor of the non-moving party"* [WATSON, page 2 of 6].

WATSON's quote above should have read *"....in favor of the moving party or the*

16

*Petitioner"*.  HORVAT stated the concept correctly on pages 3 and 4 of his motion:

*In ruling on a motion brought pursuant to Rule 12(b)(6), a court must accept as true all well-pleaded and factual allegations and draw all reasonable inferences in favor of the plaintiff.  Reger Development, LLC v Nat'l City Bank.*

The issue at hand is one of JOSEPH MARTIN GRADY et al.'s awareness (knowledge) and aiding-and-abetting the fraud, felony and misconduct The particularity was clearly stated in the documents filed in the State court, which were moved to the federal court and in the Petitioner's ADMINISTRATIVE CLAIM.  For example, "MOTION TO TAKE JUDICIAL NOTICE...IN THE INTEREST OF FAIRNESS, REQUIRE THE PLAINTIFF'S ATTORNEY AND JUDGE TO SUBMIT TO THE IDENTICAL FORENSIC PSYCHOLOGICAL EXAMINATION THAT THEY SUBMITTED THE COUNTER-PLAINTIFF AND PLAINTIFF" filed 9/19/2017 in the state court addressing the incongruity between F. JOHN STEFFEN's beliefs and his actions.  This again shows that the defendants did not read the Petitioner's ADMINISTRATIVE CLAIM nor the state-court documents with due diligence (see point 10).

The certification to the "Complaint for a Civil Case" form clearly required the Petitioner to be able to provide proof of his claims of felony, aiding-and-abetting a felony, treason and professional misconduct, which meant that proof would become evident during discovery, which was stayed due to the defendants' motions to dismiss.

Furthermore, Petitioner's claim more than meets the "short and plain" requirement of F.R.C.P. Rule 8.  How much more shorter and plainer can it get after reading Reliefs 1 and 2 of the "Complaint for a Civil Case" form?  Are the words "short and plain" incomprehensible to the Defendents' attorneys learned in the law?  In other words, what part of fraud, felony or aiding and abetting a felony or disregard for decisional-law have they not comprehended?  What part of gender discrimination in state court proceedings did they not "comprehend"?

Therefore, defendants' motions must be dismissed because they did not perform due diligence in reading the ADMINITRATIVE CLAIM and the state-court filings (see point 10), they themselves did not meet the particularity requirement of Rule 9(b), and they did not admit or deny each claim, point by point, per Rule 8(b)(1)(B).

26 **More objections to FRCP Rule 12(b)(6): failure to state a claim upon which relief can be granted: Petitioner's standing**

Petitioner is prosecuting as the real party of interest under the FRCP Rule 17-(a)-(1)-(A); in other words, the real party of interest and the Petitioner are one and the same. Defendants are implying that the Petitioner is not the real party of interest, per FRCP Rule 17 (a)-(3) by misrepresenting him by using unregistered variations of his property, of which the Petitioner hereby disclaims ownership. Petitioner has hereby rebutted that false assumption through the first sentence. Furthermore, per FRCP Rule 17 (a)-(1)-(G), Petitioner is:

(A)   the **party authorized by statute** and by 29 CFR 2200.22 - Representation of parties and intervenors and by 29 CFR 2200.23 - Appearances and withdrawals,

(B)   the **third-party authorized agent** on behalf of and by birth over his personal property, DANIELS, RAHUL-EBENEZER.

27 **Remaining objections to FRCP Rule 12(b)(6): failure to state a claim upon which relief can be granted: Other FRCP rules**

Petitioner cites *Federal Rules of Evidence Rule 102 - Purpose and 301 - Presumptions in Civil Cases Generally* all of which the Defendants must comply with among others. Furthermore, Defendants' attorneys, cannot make a claim under Rule 12(b)(6) before first responding to the complaint in accordance with FRCP Rules which state:

(A)   There must be a real party of interest -- FRCP Rule 17(a).

(B)   There must be an answer to the complaint -- FRCP Rule 7(a).

(C)   A point-by-point denial/admittance of the complaint -- FRCP Rule 8(b)-(1)-(B). Any 12(b)(6) motion in answer to a complaint is failure to answer the complaint and an admission of the allegations per FRCP Rule 8-(b)-(6).

(D)   The opposing party must state what interest or standing they have in the case per Rule 14, as it pertains to third-party practice, and Rule 17, real party of interest. The defendants are appearing on behalf of their clients but have failed to state their status. Are they representing the judges, attorneys and sheriff as a third party? Who is the real party of interest? The Defendants or the ones they

18

are representing?  Of course, the claim is not against the Defendants, which is what they are basically saying as JOSEPH MARTIN GRADY et al.'s "saviors" or "avatars".  They did not do what the judges did but they are defending them and, therefore, become liable for their misdeeds as their "attorney-in-fact" with power of attorney over JOSEPH MARTIN GRADY et al.

(E)     Rule 8(a)(2) states that the **pleader**, namely the Petitioner, is **entitled to relief, not the defendants,** who are seeking relief via their motions to dismiss!

28                                    **Conclusions**

JOSEPH MARTIN GRADY, et al. as the real parties of interest have asserted that they are legally incompetent to defend their state-court actions in federal court meaning that their actions in state court are void. In fact, defendant JOSEPH MARTIN GRADY and KATHRYN DIAMOND KARAYANNIS failed in their administrative responsibilities to initiate disciplinary proceedings against F. JOHN STEFFEN (operating as attorney and notary) in the state court case for making a sport out of FRCP Rule 11, outright misconduct, misdemeanors, perjury, lying and fraud.  If Defendants want remedy, what is the debt owed by the Petitioner to the Defendants' attorneys for the violation by the Defendants of his inalienable birthrights and civil rights? In other words, the Defendants' clients lied, stole, committed perjury, felony, aided and abetted the felony willfully and wantonly and their attorneys-in-fact now think they are entitled to relief by a dismissal?  No Place in the Constitution or Amendments does it allow a 12(b)(6) or 12(b) anything.  This means that the defendants cannot put blinders on their eyes and assert lack of subject-matter jurisdiction, lack of a claim or any kind of immunity. Petitioner's action as the real party of interest and on behalf of his personal property, DANIELS, RAHUL-EBENEZER, will be entitled to a default under FRCP Rule 55 if a 12(b)(1) & 12(b)(6) is granted because the opposing side will have failed to comply with the rules aforementioned.

29    The Word of Almighty God admonishes:

***Thou shalt not wrest judgment; thou shalt not respect persons, neither take a gift: for a gift doth blind the eyes of the wise, and pervert the words of the righteous. [Deuteronomy 16:19 Source: The Holy Canon, King James version]***

19

30                                        **Relief sought**

Having notified the United States court of a crime, violation of the Rules of Professional
Conduct including Rule 8.4, and based on the matter aforesaid, the Petitioner, through
his Court of Record, moves the United States district court to:

(A)     Dismiss the Defendants motions and move the case to discovery and trial in
        order to enable Petitioner to expedite the business of this court-proceeding.

(B)     Issue an immediate injunction via a Writ of Mandamus on the State court to stay
        all state-court hearings pending

        (i)     the outcome of this ADMINISTRATIVE CLAIM against JOSEPH MARTIN
                GRADY et al.

        (ii)    proof of the state court's jurisdiction by findings of fact with conclusions
                of law supported by reason (point 2).

        (iii)   the removal of judge JOSEPH MARTIN GRADY and F. JOHN STEFFEN
                from the Case after having become defendants and the unrebutted
                affidavit of Petitioner's father stating that JOSEPH MARTIN GRADY had
                been removed from the state-court case.

(C)     Take administrative control:

        The mantle of administrative (not judicial) authority now falls upon honorable
        judge Manish S. Shah [*Code of Conduct for United States Judges, Canon 3--(B)
        Administrative Responsibilities--(5)*]

(D)     Provide funding to Private Attorney Generals like the Petitioner, *Civil Rights
        Attorneys Fees Awards Act of 1976, 42 U.S.C. § 1988 - Proceedings in
        vindication of civil rights*.

(E)     Require the attorneys to file their Oaths, Bonds and bar-cards (liRcenses) into the
        Case,  pursuant to Rule 9(a)-(1)-(a), since most of them are operating under color
        of law by not using their legal names under which they can sue or be sued.

(F)     Initiate a jury hear the issue under the U.S. Bill of Rights if not dismissing the
        12(b)(1) and 12(b)(6) motions becomes a conflict of interest to this court, which

                                            20

must be impartial, meaning that the judge must remain neutral.  This is per *Amendment 7 of the Constitution of The United States of America*

(G)     Award the Petitioner the same absolute immunity if the defendants and/or JOSEPH MARTIN GRADY et al. are granted absolute immunity from prosecution or litigation as a result of granting the Defendants' motions; Amendment IV, section 1 of the Constitution.

(H)     Grant reliefs 1 to 5 cited in the "Relief" section of the form "Complaint for a Civil Case".

(I)     Award any other relief that the court deems fair, just, reasonable and equitable.


Notice to principal is notice to agent and notice to agent is notice to principal.

All Rights Reserved Without Prejudice Waiving None including the right to correct inadvertent errors or typos and amend this document based on the discovery of additional information.


Respectfully submitted,


*Daniels, Rahul-Ebenezer*
Daniels, Rahul-Ebenezer
ex rel. the People of Illinois and
The United States of America,
Civilian, Private American National
of a protected class of Living being,
Private Attorney General,
1276 Jenna Drive, Unit B
South Elgin, IL 60177-3021
(224) 281-4579

**Certificate of Service**

I, Daniels, Rahul-Ebenezer, solemnly affirm that on the 4th day of the month of January in the Year of Our Lord, 2018 AD, I served a true and correct copy of the this instrument, **"PETITIONER'S REVIEW OF DEFENDANTS' FRCP 12(b)(1) AND 12(b)(6) MOTIONS TO DISMISS ALL IMMUNITY & JUST CAUSE FOR AN INJUNCTION ON THE STATE COURT"** to the United States district court by delivering it personally to the Clerk of said court. An additional copy was also provided to the said court the selfsame day for judge Manish S. Shah.

On or soon after January 4, 2018, I served the file-stamped copies of the above-named instrument to the Defendants' attorneys and the administrators via certified U.S.P.S. mail. The Defendants' attorneys and administrators are listed in the "Cc" section.

_Daniels, Rahul-Ebenezer_

Daniels, Rahul-Ebenezer
ex rel. the People of Illinois and
The United States of America,
Civilian, Private American National
of a protected class of Living being,
Private Attorney General,
1276 Jenna Drive, Unit B
South Elgin, IL 60177-3021
Phone: (224) 281-4579

Cc:

**Defendants' attorneys:**

| | |
|---|---|
| T. ANDREW HORVAT<br>ILLINOIS ATTORNEY GENERAL'S OFFICE<br>General Law Bureau<br>100 West Randolph Street<br>13th Floor<br>Chicago, IL 60601 | DANIEL FRANCIS KONICEK<br>KONICEK & DILLON, P.C.<br>21 West State Street<br>Geneva, IL 60134 |
| MATTHEW JAMES EGAN<br>PRETZEL & STOUFFER, CHTD.<br>One South Wacker Drive<br>Suite 2500<br>Chicago, IL 60606-4673 | KATHLEEN K. WATSON & DEBORAH A. LANG<br>KANE COUNTY STATE'S ATTORNEY'S OFFICE<br>100 S. Third Street<br>4th Floor<br>Geneva, IL 60134 |

**Administrators:**

| | |
|---|---|
| Major General David P. Glaser<br>OFFICE OF THE PROVOST MARSHAL GENERAL<br>2800 Army Pentagon<br>Washington, DC 20310-2800 | U.S. Postmaster General<br>CRIMINAL INVESTIGATIONS SERVICE CENTER<br>ATTN: Mail Fraud<br>433 West Harrison Street, RM 3255<br>Chicago, IL 60699-3255 |
| Governor of Illinois, Bruce Vincent Rauner<br>207 State House<br>Springfield, IL 62706 | Director of the Index Department,<br>David Weisbaum<br>Illinois Secretary of State<br>111 E. Monroe<br>Springfield, IL 62756 |
| Milton G. Varera, Chairman<br>National Notary Association<br>9350 De Soto Ave<br>Chatsworth, CA 91311 | Ms. Barbara Flynn Currie, Majority Leader,<br>25th District, Illinois House of Representatives<br>Make Your Voice Heard<br>1303 E 53rd St<br>Chicago, IL 60615 |
| Jefferson Beauregard Sessions III,<br>Attorney General of the United States<br>U.S. Department of Justice<br>950 Pennsylvania Avenue, NW<br>Washington, D.C. 20530-0001 | Joel R. Levin,<br>Acting United States Attorney<br>United States Attorney's Office<br>Northern District of Illinois, Eastern Division<br>219 S. Dearborn St., 5th Floor<br>Chicago, IL 60604 |
| Federal Bar Association<br>1220 North Fillmore St<br>Ste. 444<br>Arlington, VA 22201 | Charles J. Northrup,<br>General Counsel<br>ILLINOIS STATE BAR ASSOCIATION<br>Illinois Bar Center<br>424 S. Second Street<br>Springfield, IL 62701-1779 |
| Illinois Board of Admissions to the Bar<br>625 South College Street<br>Springfield, Illinois 62704 | Lisa Murray Madigan<br>Illinois Attorney General<br>Office of the Illinois Attorney General,<br>100 West Randolph Street<br>Chicago, IL 60601 |
| Director of the Risk Management Division,<br>Doug Cunningham,<br>Illinois Department of Central Management<br>Services (CMS)<br>801 South 7th Street, 6th floor main<br>Springfield, IL 62703 | Attention: Claims Manager<br>Merchants Bonding Company (Mutual)<br>P.O. Box 14498<br>Des Moines, IA 50306-3498 |

| Lloyd A. Karmeier,<br>Illinois Supreme Court Chief Justice<br>ADMINISTRATIVE OFFICE OF THE ILLINOIS<br>COURTS | Chris Lauzen,<br>Kane County Chairman<br>KANE COUNTY GOVERNMENT CENTER<br>719 Batavia Avenue, Building A<br>Geneva, Illinois 60134 |
|---|---|
| Joseph Henry McMahon<br>State's Attorney<br>Kane County Judicial Center<br>37W777 Route 38 Suite 300<br>St. Charles, IL 60175 | Illinois Sheriffs' Association<br>401 E. Washington, Suite 1000<br>Springfield, IL 62701 |
| Director of the Administrative Office of the<br>Illinois Courts (AOIC), Michael J. Tardy<br>3101 Old Jacksonville Road<br>Springfield, IL 62704 | Illinois Attorney Registration and Disciplining<br>Commission (IARDC)<br>One Prudential Plaza<br>130 E. Randolph Drive, Suite 1500<br>Chicago, IL 60601-6219 |
| Judicial Inquiry Board<br>Atrium At the State of Illinois Center<br>100 W Randolph St<br>Suite 14-500<br>Chicago, IL 60601 | Chief Judge, Susan Clancy Boles<br>Sixteenth Judicial Circuit (Second Appellate<br>District)<br>Kane County Judicial Center<br>37W777 Rt. 38, Suite 301<br>St. Charles, IL 60175 |

**CERTIFICATION**

I, Daniels, Rahul-Ebenezer, relator for Illinois, have read and certify the foregoing to be true to the best of my information, knowledge and belief.

Daniels, Rahul-Ebenezer / Jan 4, 2018 _____ (Signature/Date)

Daniels, Rahul-Ebenezer
ex rel. the People of Illinois and
The United States of America,
Civilian, Private American National
of a protected class of Living being,
Private Attorney General,
1276 Jenna Drive, Unit B
South Elgin, IL 60177-3021

Kane county

Illinois state

Right thumb seal of
Daniels, Rahul-Ebenezer's
Court of Record

24